```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          ASHLAND DIVISION


IN RE:

GERALD M. ARNETT                                   CASE NO. 04-10484

DEBTOR

GERALD M. ARNETT                                   PLAINTIFF

v.                                                 ADV. NO. 08-1008

JOHN WHITT                                         DEFENDANTS
WRIGLEY'S 7-711, INC.
```

**MEMORANDUM OPINION**

This matter having come before the Court on Plaintiff's Motion for Summary Judgment (DOC 29), and on Defendants' Motion for Summary Judgment (DOC 32),and a hearing having been held on August 12, 2008, and the Court having taken the matter under submission, the Court issues this Memorandum Opinion.

This matter is submitted to the Court on the issue of whether Defendants' correspondence of January 9, 2008, to the Debtor agreeing that Debtor had until January 30, 2008, was a waiver of default, or merely was an extension of the cure period from January 23, 2008, to January 30, 2008.

FINDINGS OF FACT

On September 6, 2005, a prior adversary proceeding between the parties was resolved by an agreed order in the main case. That order provided for the Plaintiff in this adversary proceeding to pay the Defendants in this adversary proceeding $6,465.92 on December 31 of each year for 20 years. The order further provided that Plaintiff would have 15 days following service of a notice of default to cure

the default, or the automatic stay would be terminated upon the filing of an affidavit by Defendants.

On December 31, 2007, Plaintiff sent a letter to Defendants requesting a 30 day extension of time to make the annual payment.

On January 8, 2008, Defendants sent Plaintiff a notice of default.

On January 9, 2008, Plaintiff received a fax from Defendants indicating that Defendants would expect payment no later than January 30, 2008.

On January 31, 2008, Plaintiff made a distribution to Defendants that was $5,391.61 which was short of the full amount owing.

On February 4, 2008, Defendants sent a notice of continuing default to Plaintiff.

On February 7, 2008, Plaintiff made the balance of the payment ($1,104.31).

On March 13, 2008, Defendants returned the balance to Plaintiff.

On April 21, 2008, Defendants filed an affidavit of default in the main case.

On May 13, 2008, Plaintiff filed this adversary proceeding seeking a declaration that there was no default.

CONCLUSIONS OF LAW AND ANALYSIS

This Court has jurisdiction under 28 U.S.C. § 1334 in that it arises under Title 11 U.S.C. This is a core proceeding under 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1409.

Plaintiff argues that its letter of December 31, 2007, is asking for a waiver of default, and that Defendants' correspondence of January 9, 2008, agrees to the request for a waiver of default. Defendants argue that its correspondence of January 9, 2008, was no

more than a agreement to extend the cure period from January 23, 2008, to January 30, 2008.

Plaintiff's letter of December 31, 2007, is ambiguous. The request asks for an extension of time to make the payment on January 30, 2008. However, the letter does not specifically ask for a waiver of default. Likewise, Defendants' correspondence of January 9, 2008, is ambiguous. That correspondence states that receipt of the payment is expected by January 30, 2008, but the correspondence does not state whether it is waiving the default, or whether it is merely agreeing to an extension of the cure period.

However, Plaintiff made a payment to Defendants on January 31, 2008, a date after the agreed on date for payment of January 30, 2008, and that payment was accepted and not returned to the Plaintiff. Because of the acceptance of that payment after the agreed on date for payment of January 30, 2008, it appears to the Court that Defendants did in fact agree to the waiver of default.

Since the payment on January 31, 2008, was short, Defendants then were required to file a new notice of default which Defendants did on February 4, 2008. That notice of default then gave Plaintiff 15 days in which to cure. Plaintiff did cure the default within 15 days as Plaintiff made the balance of the payment on February 7, 2008. Thus, Defendants had no right to file an affidavit of default.

However, this matter lacks clarity because of the ambiguity of the correspondence by both parties. For that reason, there is no reason to award attorney fees to the Plaintiff, and Rule 11 sanctions are inappropriate. On the other hand, Defendants had no right to file an affidavit of default, and for that reason, Defendants will not be allowed to include either attorney fees for Dean Hunt or Stephen

Barnes to the balance on the note owed by the Debtor.

This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law. A separate order SUSTAINING Plaintiff's Motion for Summary Judgment, and OVERRULING Defendants' Motion for Summary Judgment will be issued.

COPIES TO:

John Thomas Hamilton, Esq.
Stephen Barnes, Esq.
Debtor

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge**
**Dated: Friday, August 15, 2008**
**(jms)**